IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NADJI FILALI,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC;<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>and TRANS UNION, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:23-cv-1664 |

## COMPLAINT

Plaintiff Nadji Filali, by counsel, files this Complaint against Defendants Experian Information Solutions, Inc.; Equifax Information Services, LLC; and Trans Union, LLC (collectively, "Defendants"). In support of his claims, Mr. Filali alleges as follows:

## PRELIMINARY STATEMENT

1. Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." (citations omitted)).

2. The statute's express purpose is for "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681(b).

3. Even so, inaccurate credit reporting is still a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a reporting finding that twenty percent of consumers who participated in its study had at least one error on their credit report.[1] Almost ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers identified at least one error on their credit reports.[2]

4. Here, Mr. Filali's credit reports show that he is past due on a credit card account in an inaccurate amount.

5. After he was sued on the debt in 2021, Mr. Filali agreed to a consent judgment with Portfolio Recovery Associates ("PRA") in the amount of $4,439.31, meaning that Mr. Filali owed only that amount.

6. Mr. Filali then made over two-thousand dollars in payments on the consent judgment amount, reducing the amount owed to $2,372.88.

7. Despite the consent judgment and his payments, PRA continued to report Mr. Filali as owing nearly $4,000, and the credit reporting agencies reported the same.

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 64 (Dec. 2012), https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accuratecredit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf.

[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It* (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-System-How-the-Credit-Reporting-System-Fails-Consumers -and-What-to-Do-About-It.pdf.

8. When Mr. Filali disputed his account with Equifax, Experian, and Trans Union, the credit bureaus failed to adequately investigate his disputes or remove the inaccurate information from his reports.

9. As a result, Mr. Filali alleges claims against Experian, Equifax, and Trans Union for: (1) violating the FCRA, §1681e(b), by failing to reasonably ensure the maximum possible accuracy of his credit reports; and (2) violating the FCRA, §1681i, by failing to fully investigate Mr. Filali's disputes.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 168lp, and 15 U.S.C. § 1692k(d).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Mr. Filali's claims occurred in this District, where he resides.

## PARTIES

12. Mr. Filali is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

13. Experian is a foreign corporation authorized to do business in Virginia through its registered offices in Richmond. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Equifax is a foreign limited liability company authorized to do business in Virginia through its registered offices in Richmond. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

15. Trans Union is a foreign limited liability company authorized to do business in Virginia through its registered offices in Richmond. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTS

16. In early 2021, PRA sued Mr. Filali for a past due debt in the Fairfax General District Court.

17. Intending to pay what he could, Mr. Filali reached a consent judgment agreement with PRA, which would require Mr. Filali to pay $4,439.31 across 24 payments.

18. Mr. Filali then made several payments on the debt over the next several months, reducing the outstanding balance to $2,372.88.

19. Despite his efforts, PRA reported to the credit reporting agencies that Mr. Filali owed almost $4,000, and the credit reporting agencies reported the same.

20. On August 18, 2023, Mr. Filali mailed dispute letters to Experian, Equifax, and Trans Union.

21. Mr. Filali's dispute letters explained that he did not owe the amount of debt reporting on his credit reports. With his letters, Mr. Filali attached a copy of the signed consent judgment as well as proofs of payment by way of his checking account statements.

22. When Equifax, Experian, and Trans Union received PRA's respective responses to Mr. Filali's disputes, they relied entirely on PRA's investigations. None of them conducted any other investigation into Mr. Filali's disputes.

23. As a result, the inaccurate information about the PRA account remained on Mr. Filali's credit reports.

24. On October 2, 2023, Mr. Filali mailed follow-up dispute letters to Experian, Equifax, and Trans Union.

25. Mr. Filali's second dispute letters to Experian, Equifax, and Trans Union again explained that the debt was reporting inaccurately. As before, Mr. Filali enclosed a copy of the signed consent judgment agreement, as well as proof that he made several payments.

26. Equifax, Experian, and Trans Union again relied entirely on PRA's inadequate investigations, and the inaccurate information remained on Mr. Filali's credit reports.

27. As of the date of this filing, the inaccurately reported PRA account remains on Mr. Filali's credit reports.

28. As a result of Defendants' conduct, Mr. Filali has suffered significant actual damages, including a decreased credit score, credit denials, the inability to obtain credit, embarrassment, humiliation, and emotional distress.

### *Defendants' FCRA Violations Were Willful*

29. As a standard practice, Experian, Equifax, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite several court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

30. Upon information and belief and consistent with their standard policies and procedures, Experian, Equifax, and Trans Union automatically generated their "investigation" results once PRA verified the status of the account, and they did not take any extra actions to verify the accuracy of the information that the furnisher provided.

31. Instead, Experian, Equifax, and Trans Union blindly accepted PRA's version of the facts and continued to report the inaccurate, derogatory information on Mr. Filali's credit reports.

32. Experian, Equifax, and Trans Union continue the practice of parroting the furnisher's response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

33. Experian, Equifax, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

34. As a result, at all times relevant to this Complaint, Experian's, Equifax's, and Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors before furnishing reports.

**COUNT ONE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(EXPERIAN, EQUIFAX, and TRANS UNION)**

35. Mr. Filali incorporates the preceding allegations.

36. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Filali's credit reports and credit files they published and maintained.

37. Because of Experian's, Equifax's, and Trans Union's conduct, Mr. Filali suffered actual damages, including, without limitation, a decreased credit score, credit denials, the inability to obtain credit, embarrassment, humiliation, and emotional distress.

38. Experian's, Equifax's, and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Mr. Filali for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

39. In the alternative, they were negligent, which entitles Mr. Filali to recover under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EXPERIAN, EQUIFAX, and TRANS UNION)

40. Mr. Filali incorporates the preceding allegations.

41. Experian, Equifax, and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide PRA with all the relevant information about Mr. Filali's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Mr. Filali in violation of §1681i(a)(4); (4) failing to promptly delete the disputed inaccurate items of information from Mr. Filali's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

42. Because of Experian's, Equifax's, and Trans Union's violations of §1681i, Mr. Filali suffered actual damages, including, but not limited to, a decreased credit score, credit denials, the inability to obtain credit, embarrassment, humiliation, and emotional distress.

43. Experian's, Equifax's, and Trans Union's violations of § 1681i were willful, rendering them liable to Mr. Filali for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

44. In the alternative, Experian, Equifax, and Trans Union were negligent, entitling Mr. Filali to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Mr. Filali demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; his attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                Respectfully submitted,
                **NADJI FILALI**

                By:   */s/ Kristi C. Kelly*
                Kristi C. Kelly, VSB #72791
                Andrew J. Guzzo, VSB #82170
                Casey S. Nash, VSB #84261
                J. Patrick McNichol, VSB #92699
                Matthew G. Rosendahl, VSB #93738
                KELLY GUZZO, PLC
                3925 Chain Bridge Road, Suite 202
                Fairfax, VA 22030
                Telephone: (703) 424-7572
                Facsimile: (703) 591-0167
                Email: kkelly@kellyguzzo.com
                Email: aguzzo@kellyguzzo.com
                Email: casey@kellyguzzo.com
                Email: pat@kellyguzzo.com
                Email: matt@kellyguzzo.com

                *Counsel for Plaintiff*